UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
MARY ELLEN CROKE and J.C., a minor child,

                                                     Plaintiffs,

-against-

THE COUNTY OF SUFFOLK, THE HONORABLE ERROL D. TOULON JR., THE DULY ELECTED SHERIFF OF SUFFOLK COUNTY, PETER KIRWIN, individually and as a Deputy Suffolk County Sheriff, VINCENT APARICIO, individually and as a Deputy Suffolk County Sheriff, GEORGE LYNN, individually and as a Deputy Suffolk County Sheriff, DOUGLAS BASSEMIR, individually and as a Deputy Suffolk County Sheriff, MARK SCARANO, individually and as a Deputy Suffolk County Sheriff, JAMES EVANS, individually and as a Deputy Suffolk County Sheriff, individually and as a Deputy Suffolk County Sheriff, THOMAS LYONS, individually and as a Deputy Suffolk County Sheriff, UNKNOWN DEPUTY SUFFOLK COUNTY SHERIFFS 1-10,

                                                     Defendants.
-------------------------------------------------------------- x

**MEMORANDUM AND ORDER**

19-cv-4124 (DLI) (PK)

**DORA L. IRIZARRY, United States District Judge:**

On July 17, 2019, Mary Ellen Croke ("Croke") commenced this action pursuant to 42 U.S.C. § 1983 on behalf of herself and her minor grandson, J.C. (collectively, "Plaintiffs") against the County of Suffolk, the Honorable Errol D. Toulon Jr., the Duly Elected Sheriff of Suffolk County, Deputy Suffolk County Sheriffs Peter Kirwin ("Kirwin"), Vincent Aparicio, George Lynn, Douglas Bassemir, Mark Scarano, James Evans, and Thomas Lyons ("Lyons") in their

individual and official capacities (collectively, "Defendants")[1]. Croke contends that the individual defendants illegally entered her home without a warrant, used excessive force, unlawfully searched and seized her vehicle and maliciously prosecuted her in violation of the Fourth Amendment. Croke further asserts *Monell* claims against the County of Suffolk and New York State law causes of action for unlawful/false imprisonment, intentional infliction of emotional distress, and excessive force.  *See*, *generally*, Compl., Dkt. Entry No. 1; *Monell v. Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658 (1978).  Plaintiff J.C. asserts a cause of action for battery pursuant to 42 U.S.C. § 1983 and New York State law causes of action for intentional infliction of emotional distress and excessive force.  Subsequently, Plaintiffs filed an Amended Complaint and a second Amended Complaint, adding the state law cause of action for intentional violation of a known constitutional right.  *See*, Am. Compl., Dkt. Entry No. 13; Second Am. Compl. ("SAC"), Dkt. Entry No. 27.

On January 22, 2021, Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56.  *See*, Defs.' Mem. of Law in Supp. of Mot. for Summary J. Pursuant to R. 56 ("Def. Mem."), Dkt. Entry No. 40-26; Defs.' Statement Pursuant to Local R. 56.1 ("Def. 56.1"), Dkt. Entry No. 40-1.  Plaintiffs opposed the motion.  *See*, Pls.' Mem. in Opp'n to Defs.' Mot. for Summary J. ("Pl. Opp'n"), Dkt. Entry No. 40-34; Pls.' Statement Pursuant to Local R. 56.1 ("Pl. 56.1"), Dkt. Entry No. 40-28.  Defendants replied.  *See*, Defs.' Reply Mem. of Law ("Def. Reply"), Dkt. Entry No. 40-36.

For the reasons set forth below, Defendants' motion is granted in its entirety.

---

[1] Plaintiffs also name as defendants "Unknown Deputy Suffolk County Sheriffs 1-10."  To date, Plaintiffs have not identified these unnamed defendants.  Accordingly, the claims against them are dismissed.  *See*, *Coward v. Town and Village of Harrison*, 665 F. Supp.2d 281, 300-01 (S.D.N.Y. 2009).

# BACKGROUND

## I.     Local Rule 56.1

Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires a party moving for summary judgment to submit "a separate, short and concise statement, in numbered paragraphs" setting forth material facts as to which there is no genuine issue to be tried.  *See*, Local Civ. R. 56.1(a).  A party opposing a motion for summary judgment must submit "a corresponding numbered paragraph responding to each numbered paragraph in the statement of the moving party."  *See*, Local Civ. R. 56.1(b). The facts set forth in the moving party's Rule 56.1 Statement will be deemed admitted "unless specifically controverted by a correspondingly numbered paragraph" in the opposing party's Rule 56.1 Statement.  *See*, Local Civ. R. 56.1(c); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 72 (2d Cir. 2001).

Here, Defendants submitted a statement of undisputed facts pursuant to Local Rule 56.1. *See*, Def. 56.1.  Rather than responding to Defendants' Rule 56.1 Statement as required by Local Rule 56.1, Plaintiffs submitted a non-corresponding Rule 56.1 Statement.  *See*, Pl. 56.1. Accordingly, the facts set forth in Defendants' Rule 56.1 Statement are deemed admitted.  *See*, *Estate of Keenan v. Hoffman-Rosenfeld*, 2019 WL 3416374, at *12 (E.D.N.Y. July 29, 2019), *aff'd*, 833 F. App'x 489 (2d Cir. 2020) (deeming admitted defendants' Rule 56.1 Statement where Plaintiffs submitted "non-corresponding, and predominantly unresponsive" Rule 56.1 Statement).

Nonetheless, Defendants are not absolved of their burden to show that they are entitled to judgment as a matter of law, and their Local Rule 56.1 statement is not a "vehicle for making factual assertions that are otherwise unsupported in the record."  *Holtz*, 258 F.3d at 74; *See also*, *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) ("[T]he district

court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion.") (citation omitted).

## II. Factual Background

On February 6, 2018, Croke's daughter, Denise Croke ("Denise"), was driving Croke's car with J.C. in the passenger seat. Def. 56.1 at ¶¶ 1, 3. Denise entered a parking lot without stopping at an intersection and parked the car. *Id.* at ¶ 2. Deputy Sheriff Kirwin, who was on traffic duty at the time, approached the vehicle and informed Denise that she had failed to stop at the stop sign. *Id.* at ¶¶ 1, 4-5. In response, Denise laughed and made a comment regarding his "attitude." *Id.* at ¶ 5. Denise refused to provide her identification to Kirwin, so he could not issue her a summons for the traffic infraction. *Id.* at ¶¶ 6-7. Accordingly, he informed Denise that she was under arrest and asked her to exit the car. *Id.* at ¶¶ 7-9. Denise refused and, instead, instructed J.C. to get out of the car. *Id.* at ¶ 9. She then moved from the driver's seat to the front passenger's seat and attempted to exit from the front passenger door to elude Kirwin. *Id.* at ¶ 9. Kirwin grabbed Denise's hand to handcuff her, but she jumped back into the car and J.C. followed. *Id.* at ¶ 10.

Denise started the car and attempted to drive away as Kirwin held onto the door. *Id.* at ¶ 12. Kirwin was injured when he lost his grip and fell as Denise drove out of the parking lot. *Id.* Denise drove to the house that she shared with Croke. *Id.* at ¶ 13. Kirwin radioed for backup and drove after Denise. *Id.* at ¶¶ 13, 15. Denise and J.C. got out of the car and ran inside the house, followed by Kirwin. *Id.* at ¶¶ 16-19. Once inside, Denise ran up the stairs, and Kirwin attempted to follow her, but Croke blocked him. *Id.* at ¶¶ 20-22. Kirwin informed Croke that Denise was under arrest and, if she continued to interfere with Denise's arrest, Croke also would be arrested. *Id.* at ¶ 25. Croke told Kirwin to leave her house because he did not have a warrant and instructed

4

J.C. to call the police and bring her the phone. *Id.* at ¶¶ 26-27. Kirwin then pepper sprayed Croke in the face. *Id.* at ¶ 32. J.C. was "approximately 8-13 feet from [Croke], when the pepper spray was discharged." *Id.* at ¶ 33; J.C. Dep. at 51; Croke Dep. at 60.

Shortly thereafter, Deputy Sheriff Lyons arrived and ran up the stairs toward Denise, pushing Croke aside. Def. 56.1 at ¶¶ 35-36. Kirwin and Lyons handcuffed Denise and took her outside, followed by Croke. *Id.* at ¶¶ 37-40. Croke later was arrested and charged with resisting arrest in violation of N.Y. Penal Law ("PL") § 205.30 for attempting to prevent Kirwin from arresting Denise. *Id.* at ¶¶ 41, 48. Denise was charged with second and third degree assault, resisting arrest, endangering the welfare of a child, and unlawful flight from a police officer in a motor vehicle. *Id.* at 49. The assault charges resulted from injuries Kirwin sustained as a result of Denise's operation of Croke's vehicle. *Id.*; *See also*, Felony Compl., Dkt. Entry No. 40-19. Croke was taken to Peconic Bay Medical Center to be treated for the effects of the pepper spray. Def. 56.1 at ¶¶ 43-44. J.C. was not treated for any injuries. *Id.* at ¶ 47.

On February 6, 2018, a Notice of Seizure and Hearing was issued to Croke, advising her that her car had been seized and impounded by the Suffolk County Police Department based on Denise's arrest. Def. 56.1 at ¶ 53. On February 22, 2018, Croke and the County executed a stipulation agreeing to release the car to Croke and that Denise would not be drive it again. *Id.* at ¶ 54. On March 9, 2018, the Suffolk County District Attorney's Office notified Croke that the car was ready to be released to her. *Id.* at ¶¶ 54-56. On March 14, 2019, the charges against Croke were dismissed. *Id.* at ¶ 50. On July 17, 2019, this action ensued.

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

5

Civ. P. 56(a). In deciding a motion for summary judgment, the court "must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks and citations omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Id.* (internal quotation marks and citations omitted). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The movant bears the "difficult burden" of establishing that there are no genuine issues of material fact such that summary judgment is appropriate. *Jeffreys v. City of N.Y.*, 426 F.3d 549, 554 (2d Cir. 2005) (citation omitted). Once the movant has met its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation marks, citation, and emphasis omitted). The nonmoving party may not rely on "[c]onclusory allegations, conjecture, and speculation." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) (citation omitted).

In determining whether summary judgment is warranted, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried[.]" *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986) (citations omitted); *See also*, *Jeffreys*, 426 F.3d at 553 ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.") (internal quotation marks and citation omitted). However, "[w]hen opposing parties tell two different stories, one of which

is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## DISCUSSION

### I. Fourth Amendment Claims

Plaintiffs allege that there were no exigent circumstances justifying Kirwin's warrantless entry into Croke's home and, thus, Kirwin's entry and subsequent actions inside the home were unlawful violations of the Fourth Amendment. Pl. Opp'n at ¶¶ 35-36. Defendants counter that Kirwin's entry into Croke's home was not a Fourth Amendment violation because Kirwin was in pursuit of a purported felon whose interaction with law enforcement began in a public place. *See*, Def. Reply at 2.

The undisputed facts show that Kirwin was in hot pursuit of Denise, who fled the scene of a traffic stop on a public street to her home, during which escape attempt she caused injury to Kirwin, a law enforcement officer attempting to effectuate her lawful arrest. Shortly after Denise ran inside her home, Kirwin followed to arrest her. As Kirwin entered Croke's home in hot pursuit of Denise, who still was fleeing an arrest that began in a public place, Croke's Fourth Amendment rights were not violated by his warrantless entry. *See*, *Missouri v. McNeely*, 569 U.S. 141, 149 (2013) ("A variety of circumstances may give rise to an exigency sufficient to justify a warrantless search, including…engag[ing] in 'hot pursuit' of a fleeing suspect…") (internal citations omitted); *United States v. Santana*, 427 U.S. 38, 43 (1976) ("A suspect may not defeat an arrest which has been set in motion in a public place by the expedient of escaping to a private place.") (alterations and citation omitted). Accordingly, under the circumstances here, Kirwin's warrantless entry into Croke's home was lawful.

The objective reasonableness analysis for Fourth Amendment claims requires different Fourth Amendment claims to be analyzed separately. *See*, *County of Los Angeles v. Mendez*, 137 S. Ct. 1539, 1547 (2017). As such, Plaintiffs' Fourth Amendment claims based on conduct subsequent to the warrantless entry of Croke's home will be analyzed separately.

**II.     The § 1983 Malicious Prosecution Claim**

Plaintiffs assert a claim for malicious prosecution under 42 U.S.C. § 1983 based on Croke's resisting arrest charge under PL § 205.30. *See*, SAC at ¶¶ 31-39. To prevail on a § 1983 claim for malicious prosecution, a plaintiff must establish the elements of a malicious prosecution claim under state law and must show a violation of rights under the Fourth Amendment. *See*, *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009). Under New York law, a plaintiff must show: "(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor." *Rohman v. New York City Trans. Auth. (NYCTA)*, 215 F.3d 208, 215 (2d Cir. 2000) (internal quotation marks and citations omitted). To establish a violation of rights under the Fourth Amendment, a plaintiff must show a "deprivation of liberty consistent with the concept of seizure. . . [that] resulted from the initiation or pendency of judicial proceedings. *Id.* (internal quotation marks and citations omitted). Failure to satisfy any one of these prongs results in dismissal of the malicious prosecution claim. Here, Plaintiffs fail to show a lack of probable cause and fail to plead that the prosecution against Croke was terminated in her favor requiring dismissal of the malicious prosecution claim.

   **A.     Probable Cause**

"Probable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of

reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Manganiello v. City of N.Y.*, 612 F.3d 149, 161 (2d Cir. 2010) (alterations, internal quotation marks and citations omitted). "When the existence of probable cause is a question of law, the determination must be made on the basis of undisputed facts." *Dufort v. City of New York*, 874 F.3d 338, 351 (2d Cir. 2017) (internal citation omitted). Here, the undisputed facts, along with Croke's testimony, show she was aware Kirwin was a law enforcement officer who was attempting to arrest Denise when she physically tried to prevent the arrest from occurring. Def. 56.1 at ¶¶ 20-26; Croke Dep. at 47-48, Ex. 1, Dkt. Entry No. 41-7. Pursuant to PL § 205.30, "a person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person." Accordingly, probable cause existed for Croke's arrest and Plaintiff's malicious prosecution claim fails.

        **B.    Favorable Termination**

On March 14, 2019, the Honorable Carl J. Copertino, Suffolk County District Court Judge, granted a prosecutor's request to dismiss the criminal charge against Croke pursuant to N.Y. Criminal Procedure Law ("CPL") § 170.30(1)(f) ("Section 170.30(1)(f)"). Dismissal Tr., Ex. S, Dkt. Entry No. 40-20. Section 170.30(1)(f) provides for dismissal of a prosecution where "[t]here exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged[.]" Defendants contend that the dismissal does not constitute a favorable termination, because it does not affirmatively indicate that Croke was innocent. *See*, Def. Mem. at 5. However, Croke contends she heard the prosecutor say that "there was no crime here," and "we can't try this case," indicating that the charges were dismissed because the prosecutor knew that Croke was innocent. *See*, Pl. Opp'n at ¶¶ 19-20.

9

To establish that a prosecution was terminated in a plaintiff's favor for purposes of a § 1983 claim for malicious prosecution, the plaintiff must "show that the underlying criminal proceeding ended in a manner that affirmatively indicates [her] innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018); *Mortimer v. Wilson*, 2020 WL 3791892, at *11 (S.D.N.Y. July 7, 2020) (internal quotation marks and citation omitted). Consequently, "where a dismissal in the interest of justice leaves the question of guilt or innocence unanswered, it cannot provide the favorable termination required as the basis for [that] claim." *Lanning*, 908 F.3d at 28-29 (internal quotation marks, alterations, and citation omitted).

Plaintiffs' only evidence regarding the prosecutor's alleged statements is inadmissible hearsay, which the Court may not consider on summary judgment. *See*, *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 924 (2d Cir. 1985) (noting that a party cannot rely on inadmissible hearsay at the summary judgment stage, absent a showing that admissible evidence will be available at trial) (citations omitted); *Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp.2d 206, 215 (S.D.N.Y. 2007), *aff'd*, 354 F. App'x 496 (2d Cir. 2009) (same) (citation omitted). Similarly, Plaintiffs' counsel's statements regarding the prosecutor's statements are inadmissible hearsay that the Court may not consider on summary judgment. Moreover, Plaintiffs' counsel may not be both counsel and witness in a matter. *See*, *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009) (citing Rule 3.7 of the New York Rules of Professional Conduct).

Plaintiffs' failure to offer admissible evidence that the dismissal affirmatively indicated Croke's innocence warrants dismissal of the malicious prosecution claim. *Adam v. Metro. Transp. Auth.*, 2011 WL 891441, at *7 (S.D.N.Y. Mar. 15, 2011) (the minutes resulting from plaintiff's dismissal pursuant to section 170.30(1)(f) do not refer to innocence and nothing in the record

supports plaintiff's assertion that the "impediment" was plaintiff's innocence) (internal quotation marks and citation omitted).

The undisputed facts show that there was probable cause to arrest Croke and there is no admissible evidence in the record that dismissal of Croke's criminal case affirmatively indicated her innocence. Accordingly, the malicious prosecution claim is dismissed.

### III. The § 1983 Excessive Force Claim

Plaintiffs further assert claims for use of excessive force under 42 U.S.C. § 1983 based on Kirwin's use of pepper spray. *See*, SAC at ¶¶ 51-57. Defendants contend that the excessive force claim must be dismissed because Plaintiffs cannot prove more than *de minimis* injury relying on Second Circuit authority holding that a plaintiff asserting an excessive force claim under the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment must allege that the officers used more than *de minimis* force. *See*, Def. Mem. at 7-11 (citing *Romano v. Howarth*, 998 F.2d 101, 104 (2d Cir. 1993) and *Feliciano v. Thomann*, 747 F. App'x 885, 887 (2d Cir. 2019)).

While Plaintiffs purport to assert a battery claim under the Fourth Amendment, in effect they actually allege a violation under the Fourteenth Amendment as "Defendant Kirwin did not deploy the pepper spray to effect the arrest of [Croke] . . . ." *See*, Pl. Opp'n at ¶¶ 62-63; SAC at ¶ 14. Regardless of the basis for the claim, it fails under either analysis as both rely on the objective reasonableness of the force used. *See*, *Casiano v. Ashley*, 2021 WL 281460, at *3, (W.D.N.Y. Jan. 28, 2021) ("The [Fourteenth Amendment] standards applicable to such a claim are largely the same as those applied to Fourth Amendment claims. Both relate to . . . objective reasonableness."); *Jackson v. City of White* Plains, 2015 WL 4739762, at *4 (S.D.N.Y. Aug. 7, 2015) ("whether or not the Court applies the Fourteenth Amendment . . . or the Fourth Amendment standard . . . the

11

outcome is now the same—Plaintiff's claim is to be analyzed using an objectively reasonable standard").

The Fourth Amendment prohibits law enforcement officers from using excessive force in the course of effectuating an arrest. *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010) (citation omitted). However, "officers are entitled to use some degree of force when restraining a suspect during an arrest." *Faruki v. City of N.Y.*, 517 Fed. App'x. 1, 2 (2d Cir. 2013). "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396(1989) (citations omitted). "Whether the force used to effect an arrest is 'reasonable' or 'excessive' turns on 'a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Figueroa v. Mazza*, 825 F.3d 89, 105 (2d Cir. 2016) (citing *Graham*, 490 U.S. at 396). "[T]he Court should consider: the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Gutierrez v. City of N.Y.*, 2015 WL 5559498, at *7 (S.D.N.Y. Sept. 21, 2015) (citing *Graham*, 490 U.S. at 396) (internal quotation marks omitted). "Excessive force claims require 'serious or harmful,' not 'de minimis' use of force." *Id*. (citing *Drummond v. Castro*, 522 F. Supp.2d 667, 678-79 (S.D.N.Y. 2007)). "[N]umerous courts have held that where plaintiff's injuries are de minimis, the claim of excessive force cannot rise to the level of a constitutional violation as a matter of a law." *Williams v. City of N.Y.*, 2007 WL 2214390, at *11 (S.D.N.Y. July 26, 2007).

Courts must be "careful to evaluate the record from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* They are "required to make

allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* (internal quotation marks and citations omitted). The "reasonableness" standard under the Fourteenth Amendment "is most readily satisfied when conduct is intended to injure in some way unjustifiable by any government interest." *Edrei v. Maguire*, 892 F.3d 525, 533 (2d Cir. 2018). "Where an officer's use of force was 'de minimis, necessary, appropriate, and benign,' a claim of excessive force under the Fourteenth Amendment should not stand." *Edrei v. City of N.Y.*, 254 F. Supp.3d 565, 574 (S.D.N.Y. 2017), *aff'd* 892 F.3d 525 (2d. Cir. 2018) (quoting *Johnson v. Newburgh Enlarged School Dist.*, 239 F.3d 246, 252 (2d Cir. 2001)).

Plaintiffs argue that "Kirwin did not have the right to use any force" on Croke as she was not the intended arrestee. Pl. Opp'n at ¶¶ 63-64. In effect, Plaintiffs allege a violation of Croke's Fourteenth not Fourth Amendment rights as Croke was not the intended arrestee at the time Kirwin used the pepper spray. Notably, she testified that she believed she was free to leave at that time. Croke Dep. at 75; *Mara v. Rilling*, 921 F.3d 48, 70 (2d Cir. 2019) (citing *Michigan v. Chesternut*, 486 U.S. 567, 573 (1988)) ("A person is seized within the meaning of the Fourth Amendment if, under the totality of circumstances, a reasonable person would have believed that he was not free to leave.").

The undisputed evidence shows that Croke knew Kirwin was a law enforcement officer trying to arrest her daughter, but still attempted to prevent Kirwin from ascending the stairs to arrest Denise by standing in Kirwin's way on the steps. Def. 56.1 at ¶¶ 20-26. In response, Kirwin deployed the pepper spray. *Id.* at ¶ 32. Subsequently, Croke received treatment only for eye irritation and did not sustain any other injuries from this incident. Croke Dep. at 26, 90, 92. Based

13

on the undisputed facts surrounding Kirwin's use of pepper spray, the force used on Croke was reasonable under the Fourth and Fourteenth Amendments as she was resisting Denise's arrest and her injuries were *de minimis*. J.C.'s excessive force claim also fails as there is no admissible evidence that he was the direct target of the use of any force or that he was injured in any way, particularly since he did not receive any medical treatment. *See*, *Gutierrez*, 2015 WL 5559498, at *8 (plaintiff inadvertently hit with pepper spray intended for another and did not require medical attention cannot be a basis for a Fourth Amendment excessive force claim) (internal quotation and citation omitted.). Therefore, Plaintiffs' excessive force claim is dismissed.

## IV. The Search and Seizure Claim

The Suffolk County Police Department seized and impounded Croke's vehicle pursuant to Suffolk County Code § 818-39 due to Denise's unlawful flight during a traffic stop. *See*, Notice of Seizure & Hr'g, Dkt. Entry No. 40-22. Defendants contend that the warrantless search and seizure of Croke's vehicle constitutionally was permissible pursuant to the "automobile exception." *See*, Def. Mem. at 12. Plaintiffs' search and seizure claim is deemed abandoned as Defendants' dismissal argument is unopposed; however, the Court nonetheless will address this claim for completeness. *Walter v. Queens Coll.*, 390 F. Supp.3d 382, 398 (E.D.N.Y. 2019) (". . . a court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed . . .") (internal citations omitted).

"The Fourth Amendment protects the rights of individuals 'to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *DeCastro v. City of N.Y.*, 278 F. Supp.3d 753, 768-69 (S.D.N.Y. 2017) (citing U.S. Const. Amend. IV). "It is well established that warrantless searches or seizures are presumptively unreasonable." *Id*. (citations omitted). "Nevertheless, because the ultimate touchstone of the Fourth Amendment is

14

'reasonableness,' the warrant requirement is subject to certain exceptions." *Id*. (citing *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). "Under the automobile exception, police may conduct a warrantless search of a readily mobile motor vehicle if probable cause exists to believe the vehicle contains contraband or other evidence of a crime." *United States v. Howard*, 489 F.3d 484, 492 (2d Cir. 2007) (internal quotation marks and citations omitted).

The undisputed facts and testimony show that Denise and her son were in Croke's vehicle to pick up Denise's daughter from school when she was stopped by Kirwin. *See*, Denise Croke Dep. at 31; Def. 56.1 at ¶ 3. Based on these facts, no probable cause existed to believe Croke's vehicle contained any contraband or other evidence of a crime. Therefore, the "automobile exception" does not apply here.

However, the "Notice of Seizure and Hearing" served on Croke shows that the seizure of her vehicle was made pursuant to Suffolk County Code § 818.39. *See*, Notice of Seizure & Hr'g.

> Upon making an arrest or upon issuing a summons or an appearance ticket for an offense, or in the event an officer has probable cause to believe a person has committed an offense and has fled the scene of the offense, leaving the instrumentality of an offense behind, an officer shall seize such instrumentality.

Suffolk Cty. Code § 818-39 (A). The undisputed facts establish that Denise committed a traffic violation, refused to comply with a request from a law enforcement officer and, when Kirwin attempted to arrest her, Denise fled the scene with her son in Croke's vehicle, injuring Kirwin in the process, and further tried to avoid arrest by abandoning the car and running inside Croke's home. Denise Dep. at 34-58; Def. 56.1 at ¶¶ 2-18. Probable cause therefore existed to arrest Denise. Accordingly, Plaintiffs' claim for unlawful search and seizure of Croke's vehicle is dismissed.

## V.     Qualified Immunity

Defendants contend that the individual defendants are entitled to qualified immunity as to Plaintiffs' malicious prosecution, excessive force, unlawful entry, and unlawful search and seizure claims.  Def. Mem. at 13-18.  As Plaintiffs' constitutional claims are dismissed and Kirwin's entry was lawful, Defendants' qualified immunity defense is rendered moot.

## VI.     *Monell* Liability

Plaintiffs allege liability under *Monell v. Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658(1978), based on the alleged constitutional violations by Kirwin.  *See*, SAC at ¶¶ 58-59.  "To establish liability under *Monell*, a plaintiff must show that he suffered the denial of a constitutional right that was caused by an official municipal policy or custom." *Bellamy v. City of N.Y.*, 914 F.3d 727, 756 (2d Cir. 2019).  "*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006).  As discussed above, there were no underlying constitutional violations.  Consequently, Plaintiffs' *Monell* claim is dismissed.

## VII.     Plaintiffs' State Law Claims

Defendants contend that this Court lacks jurisdiction to adjudicate Plaintiffs' state law claims because Plaintiffs neither filed a notice of claim within ninety days of the subject incident nor moved pursuant to N.Y. General Municipal Law § 50 ("GML 50") for leave to file a late notice of claim as required under New York State law.  Def. Mem. at 20  (citing *Dingle v. City of N.Y.*, 728 F. Supp.2d 332, 348-349 (S.D.N.Y. 2010)).  Plaintiffs did not respond to Defendants' arguments.  Instead, they attached an unexecuted notice of claim without explanation.  *See*, Notice

of Claim, Pl. Ex. 5, Dkt. Entry No. 41-11. The filing of an unexecuted document, without more, is insufficient to constitute a response to Defendants' dismissal argument. As such, Plaintiffs' state law claims are deemed abandoned. *Walters v. Queens Coll.,* 390 F. Supp.3d 382, 398 (E.D.N.Y. 2019). Nonetheless, for sake of completeness, the Court will consider the viability of the state law claims.

As a condition precedent to the commencement of an action against a municipality or any of its employees, GML 50 requires that a notice of claim be filed with the municipality within ninety days after the claims arises. *See*, N.Y. Gen. Mun. L. § 50-e (1)(a) (McKinney's 2019). The statute specifies that "the notice shall be in writing, sworn to by or on behalf of the claimant, and shall set forth" specific information. *Id.* The notice of claim requirements are "construed strictly by New York state courts." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 794 (2d Cir. 1999). "Failure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action." *Id*. (citations omitted). "In sum, under New York law, if [GML 50-e] has not been satisfied (and the defendant has not waived its right to a notice of claim), no damages are available. *Id*.

Plaintiffs cannot rely on the Notice of Claim attached to their opposition as it is not "sworn to by or on behalf of the claimant" and was not served upon the municipality within ninety days after the claim arose. *See*, Notice of Claim. Therefore, the submitted Notice of Claim is a nullity. *See*, *Katsiouras v. City of N.Y.*, 106 A.D.3d 916, 918 (2d Dept. 2013). "Federal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement, nor can a federal court grant a plaintiff permission to file a late notice of claim." *Dingle*, 728 F. Supp.2d 332, 348-49 (S.D.N.Y. 2010). Accordingly, Plaintiffs' state law claims are dismissed.

17

## CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment is granted in its entirety. Accordingly, this action is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
September 21, 2021

/s/
DORA L. IRIZARRY
United States District Judge